*In re* METROPOLITAN EL. RY. CO.

*In re* JONES *et al.*

*(Supreme Court, General Term, First Department.  May 13, 1892.)*

TAXATION OF COSTS.
Where it was stipulated that either party might use as evidence the stenographer's minutes of testimony taken in the former action between the same parties, the cost of which had been provided for in that action, it was error to tax the cost of such minutes in the second action.

Appeal from special term, New York county.

In the matter of the Metropolitan Elevated Railway Company relative to acquiring title to certain real estate in New York city.  From an order taxing certain costs, the railway company appeals.  Reversed.

At a hearing before the commissioners appointed to ascertain and appraise the compensation to be made the owner, it was stipulated by the attorneys for the respective parties that either party might read any of the testimony taken in an action between the same parties in the superior court, involving the same premises.  A copy was procured and used as stipulated.  Afterwards an order was entered confirming the report of the commissioners, which provided, among other things, that respondent be paid by petitioner the costs of these proceedings to be taxed.  The clerk, in taxing the costs pursuant to such order, disallowed various items, among which was one for $19.80, expense of a copy of the stenographer's minutes of the testimony in the superior court action.  By a subsequent order the disallowance by the taxing clerk of such item was reversed, and $19.80 expenses therefor added.

For former report, see 13 N. Y. Supp. 159.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

*Davies & Rapallo*, (*Julian T. Davies* and *R. L. Maynard*, of counsel,) for appellants.  *Roger Foster*, for respondents.

PER CURIAM.  The affidavits conclusively show that the stenographer's notes were not procured for use in this proceeding, but really for use in the superior court action.  They were procured under an order of that court which provided that each party pay one half of the stenographer's fees, and that "the successful party may tax the sum to be paid as a part of the costs of the action."  Some seven weeks after the procurement of these minutes in the manner indicated, a stipulation was entered into in this proceeding that either party might read therefrom, before the commissioners, any of the testimony thus taken in the superior court action.  There was, however, no stipulation or further order with regard to the taxation in this proceeding of the disbursement so made.  As this disbursement had no relation to the present proceeding, and as its taxation was provided for in the superior court action, it clearly should not be here allowed, and the order appealed from should therefore be reversed, with costs and disbursements, and the clerk's taxation affirmed.